# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2013

Lyle W. Cayce
Clerk

No. 12-30694

In the Matter of: CHARLES PAUL ALONZO, JR.; CAROLYN WILLIAMS ALONZO,

          Debtors

_____

E.H. MITCHELL & COMPANY, L.L.C.,

          Appellant

v.

CHARLES PAUL ALONZO, JR.; CAROLYN WILLIAMS ALONZO; PAUL DOUGLAS STEWART, JR.; DESTIN RESOURCES, L.L.C.; WILBUR BABIN, aka BILL BABIN; DAVID V. ADLER,

          Appellees

_____

E.H. MITCHELL & COMPANY, L.L.C.,

          Appellant

v.

CHARLES PAUL ALONZO, JR.; CAROLYN WILLIAMS ALONZO; DESTIN RESOURCES, L.L.C.; WILBUR BABIN, aka BILL BABIN,

          Appellees

_____

No. 12-30694

E.H. MITCHELL & COMPANY, L.L.C.,

      Appellant

v.

CHARLES PAUL ALONZO, JR.; CAROLYN WILLIAMS ALONZO; DESTIN
RESOURCES, L.L.C.; WILBUR BABIN, aka BILL BABIN,

      Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2426

---

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

E.H. Mitchell & Company, L.L.C. ("E.H. Mitchell") obtained a significant judgment against Charles Paul Alonzo, Jr. in 2009. By the time E.H. Mitchell obtained the judgment, Mr. Alonzo and his wife had transferred all immovable assets that would have satisfied that judgment to an irrevocable trust. E.H. Mitchell filed an action in Louisiana state court seeking to avoid the transfers of the immovable assets to the irrevocable trust but, before it was able to obtain relief in that case, the Alonzos filed for Chapter 7 bankruptcy. The bankruptcy trustee ("the Trustee"), pursuant to 11 U.S.C. § 544(b), stepped into E.H. Mitchell's shoes and avoided the transfers of the immovable assets to the irrevocable trust for the benefit of the bankruptcy estate.

E.H. Mitchell initiated several adversary proceedings in the Alonzo's bankruptcy case based on its contention that it holds valid pre-petition judicial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mortgages or liens on certain immovable assets the Trustee recovered. The bankruptcy court concluded that E.H. Mitchell did not have valid judicial mortgages or liens on the recovered immovable assets and the district court affirmed.

Here, E.H. Mitchell challenges the bankruptcy court's conclusion that it did not obtain a valid judicial mortgage under Louisiana law when it recorded the judgment against Mr. Alonzo on April 3, 2009. E.H. Mitchell also challenges the bankruptcy court's conclusion that E.H. Mitchell did not obtain a valid lien through its attempts to garnish certain immovable assets held by the irrevocable trust. "In reviewing the rulings of the bankruptcy court, this court applies the same standards of review as applied by the district court." *In re ASARCO, L.L.C.*, 702 F.3d 250, 257 (5th Cir. 2012). In conducting this review, we review *de novo* the bankruptcy court's conclusions of law, and the bankruptcy court's findings of fact for clear error. *Id.* Having reviewed the briefs, the applicable law, and the record, we conclude that there is no reversible error in the bankruptcy court's conclusion that E.H. Mitchell does not hold valid pre-petition judicial mortgages or liens on the immovable assets the Trustee recovered pursuant to 11 U.S.C. § 544(b).[1]

AFFIRMED.

---

[1] In reaching this conclusion, like the district court, we assume *arguendo* that the judgment E.H. Mitchell obtained against Mr. Alonzo qualifies as a final judgment under Louisiana law.